**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings |
| | ) | Under Chapter 13 |
| BRYAN M. MCGEE, | ) | |
| | ) | Bk. No. 18-41056 |
| Debtor. | ) | |

## OPINION

The matter before this Court is the Chapter 13 Trustee's (Trustee) Motion to Compel (Motion). The facts are as follows. The Debtor and his then wife filed a joint Chapter 13 case on November 27, 2018. They listed three secured debts on Schedule D, all identified as the Debtor's sole obligation. Schedule E/F listed various unsecured debts, all identified as joint obligations. The deadline for filing claims was February 5, 2019. Ten timely claims were filed, including three secured claims with the Debtor named as sole or joint obligor. One unsecured claim named the Debtor's wife as sole obligor, and the remaining unsecured claims named the Debtor as sole or joint obligor. The Chapter 13 plan was confirmed on February 27, 2019. The plan provided for payment of $660.00 to general unsecured creditors.

After confirmation, the debtors' marriage was dissolved and the Debtor filed to have the joint Chapter 13 case de-consolidated, which was allowed by Order entered September 27, 2021. The Debtor's former wife then converted her Chapter 13 case to a Chapter 7 case in bankruptcy. In the case before this Court, still involving the Debtor, the Trustee then filed the Motion, asking that the Debtor be ordered to 1) amend Schedules D and E/F listing only his debts; 2) object to all claims not part of the Debtor's case and which the Trustee had not made payment; 3) amend Schedules I and J to show the Debtor's current income and expenses; and 4) amend the Chapter

13 plan to set forth which claims are to be paid by the Debtor and to surrender the Debtor's interest in claims no longer in his case which were previously paid.

The Debtor filed amended Schedules I and J, and an amended Chapter 13 plan which provided for the surrender of a vehicle previously being paid in the original plan. The amended plan retained the proposed pool of $660.00 for general unsecured creditors. Upon the Trustee's recommendation, the Court confirmed the amended plan on October 25, 2021.

At the hearing on the Trustee's Motion, the parties focused on the Trustee's request to have the Debtor file amended Schedules D and E/F. The Trustee argued that these amended schedules are required in order for him to know what claims of the Debtor still have to be paid. The Debtor opposed the request. He argued that any amended schedules would be the same as the original schedules as the Debtor is liable for the debts listed on those schedules either individually or under the Illinois Family Expense Act, 750 ILCS 65/15(a)(1), which imposes joint liability on spouses for family expenses. Briefs were requested by the Court and the matter was taken under advisement. The Trustee acknowledges in his brief that the Debtor has complied with his request to file amended Schedules I and J, and to file an amended plan. Therefore, the only remaining issues are whether the Debtor should amend Schedules D and E/F and object to claims that are no longer part of the Debtor's case.

Section 521 of the Bankruptcy Code sets forth the duties of a debtor and provides in part that a debtor shall file a list of creditors and a schedule of liabilities. 11 U.S.C. §521(a)(1). Bankruptcy Rule 1007 echoes the requirement of §521 that a debtor shall file a schedule of liabilities. Fed. R. Bankr. P. 1007(b). When so filing, a debtor acknowledges under penalty of fine or imprisonment that the schedules are true and correct. *See* 18 U.S.C. §§152, 1341, 1519, and

2

3571. A debtor is required to list all "secured claims" on Schedule D and all "unsecured claims" on Schedule E/F. The Bankruptcy Code provides a broad definition of "claim" in Section 101(5).

> The term "claim" means –
>
> > (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured;

11 U.S.C. §101(5)(A).

Section 502 of the Bankruptcy Code governs allowance of claims and provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). Bankruptcy Rule 3007 governs the time and manner of such objections. Fed. R. Bankr. P. 3007(a). Bankruptcy Rule 3008 allows a party in interest to move for reconsideration of an order allowing or disallowing a claim. Fed. R. Bankr. P. 3008. Therefore, the Bankruptcy Code and Rules provide a vehicle by which a party in interest, which includes a trustee, can object to a claim or seek a reconsideration of the allowance or disallowance of a claim. In fact, a Chapter 13 trustee is charged with a duty to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. §1302(b)(1) (incorporating duties under §704(a)(5)). A debtor, in turn, has a duty to cooperate with a trustee as necessary to enable a trustee to perform his duties. 11 U.S.C. §521(a)(3).

In the case before this Court, the Debtor asserts that his original schedules are still accurate and that claims should be paid as filed. The Debtor insists that he is complying with the requirements of Bankruptcy Code §521 and Bankruptcy Rule 1007. The Court agrees. Granting the Trustee's Motion would compel the Debtor to file schedules and claim objections which are contrary to his considered judgment that the current schedules are still accurate and the filed claims should be paid. In addition, the Trustee distributes funds based on the claims filed and allowed,

not from the schedules. If the Trustee still questions which claims to pay, the Debtor has an on-going obligation to cooperate with the Trustee and can supply additional information to the Trustee to aid the Trustee in determining whether a claim objection should be filed. Nothing prevents the Trustee from requesting such information from the Debtor, or from filing an objection to any claims he feels should not be paid. Having the Debtor amend the schedules will not assist the Trustee in that regard.

Lastly, it is premature for this Court to rule on the Trustee's assertion that the Illinois Family Expense Act has limited, if any, application. There was no hearing as to the allowability of any claims based on that Act. There was no evidence presented at the hearing upon which this Court could make such a determination.

For these reasons the Motion to Compel is Denied.

See Separate Order entered this date.

ENTERED: January 13, 2022

/s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE